UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JANE DOE, individually and on behalf of her minor child, SARAH DOE,

                Plaintiff,

-against-

OCEANSIDE UNION FREE SCHOOL DISTRICT, DR. PHYLLIS S. HARRINGTON, in her official capacity as Superintendent of Schools, and DR. ANTHONY DONATELLI, in his official capacity as School District Physician,

                Defendants.

**DECLARATION OF DR. BRENDON MITCHELL**

Docket No. 2:25-CV-02304 (GRB) (ST)

---

STATE OF NEW YORK    )
                               )ss.:
COUNTY OF NASSAU    )

DR. BRENDON MITCHELL, being duly sworn, deposes and says:

1.    I am the Building Principal for Oceanside High School in the Oceanside Union Free School District (the "District"), which is a Defendant in this matter. I have been employed by the District since 2015 and have served as the building principal for Oceanside High School since 2020.

2.    I submit this Declaration based on my personal knowledge and review of the District's records, and in support of the District's opposition to Plaintiffs' motion for a preliminary injunction.

3.    As a school Principal, I am responsible for ensuring all students in my building (Oceanside High School) are in compliance with New York State's mandatory immunization requirements for schools, which are set forth in Section 2164 of New York's Public Health Law.

1

4. The District has a procedure for handling State-mandated vaccination requirements. School nurses determine if a student is lacking State-mandated immunizations and communicate with parents and guardians to advise which vaccinations are outstanding.

5. Parents and guardians who desire a medical exemption must submit a *Request for Medical Exemption to Immunization Form*, a form that is created by the State. If a parent or guardian submits such a form to a school nurse, the nurse will forward it to Dr. Antwan Haskoor (the District School Physician) for review.

6. The School Physician decides whether a student should receive a medical exemption, and the District implements the School Physician's determination.

7. While I am the school administrator and ultimately responsible for excluding a student from the High School, I defer to the School Physician's medical opinion as I am not a medical professional myself.

8. Once I am made aware of the School Physician's determination on a student's medical exemption request, I usually contact the student's parent or legal guardian to advise them of the outcome of the request, but sometimes a school nurse will reach out to convey that information.

9. Sarah Doe was a 10th grade student at Oceanside High School at the beginning of the 2024-2025 school year, and a new student to the District.

10. Mary Conlon, a school nurse at the High School, was responsible for forwarding Plaintiff Jane Doe's's medical exemption requests to Dr. Antwan Haskoor, the District's School Physician, for review. She would then make me aware of Dr. Haskoor's recommendation.

11. Dr. Anthony Donatelli is not and has never been the School Physician.

2

12. On October 8, 2024, I sent a letter to Plaintiff by certified mail. (A copy of which is attached as Exhibit M of the Declaration of Chelsea Weisbord.) In the letter, I explained the District Physician reviewed her September 25, 2024 request for a medical exemption, and the request was denied; therefore, Sarah would be excluded from school effective October 9, 2024. (*Id.*) In the letter, I explained the appeal procedure, advising Plaintiff she had 30 days to file a 310 appeal with the State Education Department. (*Id.*)

13. My October 8, 2024 letter was in response to the first medical exemption form Plaintiff submitted, which was signed by Dr. Jonathan Field.

14. Sarah was out of school from October 8 through October 11, 2024. On Tuesday, October 15, 2024, Plaintiff sent me a screenshot showing she had an appointment scheduled with Sarah', Dr. Matthew Cohen, on October 28, 2024 to receive the Hepatitis B vaccination. (A copy of this October 15, 2024 correspondence is attached as Exhibit N-2 of the Declaration of Chelsea Weisbord.)

15. Even though Sarah was set to be excluded on October 10, I accommodated her by allowing her to remain in school until beyond that, and I did so based on the documentation Plaintiff submitted showing her intent to have Sarah immunized. (*Id.*) Plaintiff never submitted proof of immunization from Sarah's pediatrician, Dr. Matthew Cohen, and Plaintiff never submitted a medical exemption request from him either.

16. On October 24, 2025, Plaintiff emailed me a second medical exemption request, this time from Victoria Vamos FNP-BC, a nurse practitioner. (A copy of Plaintiff's October 24, 2025 email and attached medical exemption form is attached as Exhibit O.)

17. I responded the next day, emailing Plaintiff, "Unfortunately we are at the point in which I have to exclude [Sarah Doe] as of Monday October 28th due to the delay in her

3

immunizations. As I included in the letter sent to you on October 8th (I am including here), if you would like to appeal this further, it would need to go through the New York State Education Department." (Ex. O.) I also made clear in my October 25 email that because Sarah "was passed the deadline for the remaining vaccination and not within a window to receive it," I was "required by state law to exclude her from school." (Ex. O.)

18. After Conlon informed me she was unable to reach Victoria Vamos, I emailed Plaintiff on October 29, 2024 asking for her assistance in contacting Vamos. I explained School personnel was unable to reach her despite multiple attempts. I also explained in my October 29 email that Sarah could not return to school until she either has the vaccination or he receives different information from the School Physician. (A copy of my October 29, 2024 email to Plaintiff, and copying Assistant Superintendent DeRosa, is attached as Exhibit Q of the Declaration of Chelsea Weisbord.)

19. On October 30, 2024, Dr. DeRosa emailed Plaintiff that Sarah was unable to attend school that day because the School Physician must review any doctor's notes; I was copied on this email. (A copy of this October 30, 2024 email is attached as Exhibit R of the Declaration of Chelsea Weisbord.)

20. Dr. DeRosa and I sent Plaintiff additional emails on the afternoon of October 30. After Plaintiff emailed me asking if Sara could return to school the next day. I responded as follows:

> I understand your frustration with the situation, but please know that I continue to follow the recommendations of our district doctor and the regulations of the department of Health and New York State.
>
> As I have said, the original medical exemption request was denied because it failed to meet the requirements for the exemption. You have the right to appeal this decision to the State Education Department. Further, we have submitted your 2nd request for

4

    exemption that was provided to us on Friday to our district doctor for processing and their review. As soon as I receive any new information, I will act accordingly.

(A copy of my October 30, 2024 email chain with Plaintiff, and copying Assistant Superintendent DeRosa, is attached as Exhibit S of the Declaration of Chelsea Weisbord.)

  21. Dr. DeRosa sent a similar email to Plaintiff, explaining she and I were doing our best to get Sarah Doe back into school but were required to follow the guidance of the School Physician and Department of Health. (A copy of this October 30, 2024 email chain between Plaintiff, Dr. DeRosa and myself is attached as Exhibit T of the Declaration of Chelsea Weisbord.)

  22. On October 31, 2024, I emailed Plaintiff to provide a brief update on the administrations' efforts regarding her medical exemption request. I stressed that the District's decisions were guided by the School Physician's recommendations and New York State law and regulations. I also reiterated (a) why the first two medical exemption requests were denied and (b) that the doctor's note Plaintiff submitted from CityMD was still being reviewed by the School Physician. (A copy of my October 31, 2024 email to Plaintiff, and copying Assistant Superintendent DeRosa, is attached as Exhibit U of the Declaration of the Chelsea Weisbord.)

  23. Superintendent Harrington followed up my October 31 email by explaining that the District was also eager to have Sarah Doe return to school but was "bound to follow NYS Department of Health guidelines as well as our district physician's directives." (Ex. U.) She too reminded Plaintiff of her right to appeal the decision to the New York State Education Department. (Ex. U.)

  24. On November 4, 2024, Plaintiff submitted a medical exemption form signed by Dr. Michael Richheimer, and Dr. Haskoor granted Sarah a temporary exemption until February 4, 2025 with instructions that the student should not be allowed to attend school on February 5

5

unless she provides proof of immunization. Dr. Haskoor also recommended that any further extension requests should be provided at least two weeks before February 4, 2025.

25. I conveyed the School Physician's decision to Plaintiff, and Sarah returned to school on November 5, 2024. In a November 14, 2024, I reminded Plaintiff that Sarah had received a temporary exemption through February 4, 2025 and that she had to provide proof of immunization to attend school on February 5. I also advised Plaintiff that if she believed she received a further extension, she had to submit a request no later than January 21, 2025. (A copy of my November 14, 2024 email to Plaintiff is attached as Exhibit V of the Declaration of Chelsea Weisbord.)

26. Sara Doe was excluded from the District as of February 5, 2025 based on her failure to comply with New York State's immunization requirements.

27. On February 13, 2025, Plaintiff submitted a medical exemption form dated February 9 and signed by Dr. Paul B. Lang to Dr. DeRosa and I was copied. Dr. DeRosa responded that the District was "sad to see [Sarah] leave Oceanside," and reminded Plaintiff of her right to utilize the NYS appeal process to consider the exemption. (A copy of this email chain is attached as Exhibit AA of the Declaration of Chelsea Weisbord.) The District had no reason to consider the request plaintiff submitted on February 19, 2025, since she was no longer enrolled in the district.

28. It is my understanding that Sarah Doe re-enrolled in Long Beach Public Schools after leaving the District. I did not speak to anyone from Long Beach about Sarah Doe or her immunization status, and neither did anyone from the High School.

29. In early April 2025, Plaintiff took steps to re-enroll Sarah Doe in the District. She sent me, and Dr. DeRosa, two medical exemption forms on April 4, 2025: a form was signed by

Dr. Lang and dated February 9, 2025, and another signed Dr. Garbitelli and dated February 19, 2025. I provided Conlon with a copy of these exemptions requests, which she then forwarded to the School Physician for review.

30. I also asked Plaintiff on April 8, 2024, via email, to complete HIPAA release forms that would allow the District to contact Dr. Lang and Dr. Garbitelli. (A copy of my April 8, 2024 email to Plaintiff is attached as Exhibit CC of the Declaration of Chelsea Weisbord.)

_BRENDON MITCHELL_
DR. BRENDON MITCHELL

Bay County   Florida
Sworn to before me this
12th day of May, 2025

_Amber Riggs_   Amber Riggs
Notary Public

AMBER RIGGS
Notary Public - State of Florida
Commission # 341798
Expires on December 15, 2026

Notarized remotely online using communication technology via Proof.