# GIBSON LAW FIRM, PLLC

SUJATA S. GIBSON, ESQ.
120 E Buffalo St., Suite 2
Ithaca, New York 14850

July 17, 2025

**VIA ECF**
The Honorable Gary R. Brown
United States District Judge
Eastern District of New York
Alfonse M. D'Amato U.S. Courthouse
100 Federal Plaza
Central Islip, New York 11722

    Re:    *Jane Doe, et al. v. Oceanside Union Free School District, et al.*, Case No. 2:25-cv-02304 (GRB)(ST) – Request for a Pre-Motion Conference Regarding Plaintiffs' Renewed Motion for a Preliminary Injunction

Dear Judge Brown:

    We represent Plaintiff Jane Doe and her sixteen-year-old daughter, Sarah Doe, and write pursuant to Your Honor's Individual Rule II(g) to respectfully request a pre-motion conference regarding our forthcoming renewed motion for a preliminary injunction. This motion is prompted by the Oceanside Union Free School District's (the "District") final written denial, dated July 10, 2025, of Sarah's medical exemption for the upcoming 2025-2026 school year, which Plaintiffs received on July 14, 2025. The letter confirms Sarah will be excluded from school next year, making immediate judicial intervention necessary to prevent further irreparable harm to a child who has already lost much of her sophomore year and whose health remains in crisis.

    While this Court previously denied Plaintiffs' motion for reinstatement last Spring based on delay concerns for the 2024-2025 school year accommodation requests, this renewed motion addresses prospective harm for the 2025-2026 school year based on the District's July 10, 2025 denial, which creates fresh constitutional violations requiring immediate judicial intervention. This motion is based on a superseding First Amended Complaint (ECF No. 16), new controlling Supreme Court precedent, and the District's own denial letter, which provides dispositive proof of its unlawful conduct and the viability of constitutional claims.

    The record now demonstrates that Plaintiffs' prior timeline reflected not delay, but a nine month diligent pursuit of the exact administrative process the District mandated. Having received the District's final denial, Plaintiffs now seek prospective relief to prevent future constitutional violations, with no delay concerns undermining their claim to immediate injunctive relief.

    **I.**    **<u>Likelihood of Success on the Merits</u>**

The District's July 10, 2025 letter crystallizes why Plaintiffs are likely to succeed on the merits across multiple constitutional and statutory grounds.

**A. Disability Discrimination Claims**

First, the District's refusal to honor Sarah's medical exemption, despite certifications from six different licensed physicians, is a flagrant violation of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, and the New York State Human Rights Law. The District failed to provide a reasonable accommodation or conduct the required individualized assessment of Sarah's needs. Instead, it has unlawfully substituted its own judgment for that of six treating physicians by enforcing a rigid, unwritten "ACIP-only" policy that effectively limits exemptions to those conditions set forth in an expressly *non exhaustive* short list of examples of contraindications set forth in a best practice guideline. This policy is directly contrary to the holding of *A.A.C. v. Starpoint Central School District*, 2025 WL 1201971 (W.D.N.Y. Apr. 25, 2025), which affirmed that school officials have "no authority under New York law to second guess" a valid medical certification from a licensed physician. *Id*. at *19. Even if they could second guess Sarah's doctors, the District's categorical rejection of medical exemptions based on bleeding disorders, unexplained paralysis, autoimmune conditions, anaphylactic rashes and other documented disabilities violates the individualized assessment requirement central to federal disability law.

**B. Constitutional Violations**

Second, the letter provides powerful new evidence that New York's vaccine mandate scheme is unconstitutional under the Free Exercise Clause. In *Fulton v. City of Philadelphia*, 593 U.S. 522 (2021), the Supreme Court held that a law is not "generally applicable" if it contains a "mechanism for individualized exemptions." The July 10 letter, by revealing that the District had discretion to make a case-specific determination about Sarah's reasons for seeking medical accommodation, proves the existence of such a mechanism. The letter shows that not only the District, but also the State itself engaged in second-guessing physicians, creating the very "mechanism for individualized exemptions" that, under *Fulton*, subjects the law's categorical ban on religious exemptions to strict scrutiny. *Id*. at 533.

Independently, the mandate fails under the Free Exercise Clause and the Substantive Due Process Clause under the Supreme Court's recent landmark decision in *Mahmoud v. Taylor*, 606 U.S. ___ (2025). *Mahmoud* established that government policies violate the Free Exercise Clause when they "substantially interfer[e] with the religious development" of children by placing them in environments or situations that pose "a very real threat of undermining" the religious beliefs and practices parents wish to instill. *Id*. at 17, 25. The Court explicitly rejected the narrow view that only direct coercion violates religious freedom, holding instead that school policies burdening parental religious rights trigger strict scrutiny regardless of whether they are neutral and generally applicable. Id. at 17, 36-37.

Here, forcing Jane Doe—a devout Catholic who received divine guidance through prayer about her children's medical care—to violate her religiously-informed conscience by vaccinating

Sarah against the unanimous medical advice of six physicians creates precisely the "very real threat of undermining" her religious beliefs and practices that *Mahmoud* prohibits. The District's policy forces Jane to choose between her religious convictions about God's plan for her daughter and Sarah's access to public education, which *Mahmoud* explicitly found unconstitutional. Id. at 32-33.

Finally, even setting aside the facial challenges to New York's vaccine mandate scheme, the mandate is unconstitutional as applied to Sarah Doe. The District has engaged in a nine-month campaign of obstruction and denial, motivated in part by hostility to the family's faith. This arbitrary and irrational application of state power against a single, medically fragile child serves no compelling interest and cannot be sustained.

## II. Irreparable Harm, Balance of Hardships, and the Public Interest

The District's final denial makes the threat of irreparable harm immediate and certain. We are mindful of the Court's prior order concerning delay, but the record now shows Plaintiffs spent months diligently pursuing the exact (and incorrect) state-level review process the District insisted upon. The moment it became clear this was a dead end, they filed for emergency relief in hopes that they could get their daughter back in school by the April 21, 2025, start of the new academic quarter (Oceanside uses a quarter rather than semester system). While we understand that the Court found that delay gave rise to a presumption against irreparable harm for the 2024-2025 school year, which was almost over when the Court issued its' decision, this renewed motion is based on a superseding First Amended Complaint, new controlling Supreme Court precedent, and, critically, the new denial letter of July 10, 2025, which constitutes a fresh and independent basis for seeking immediate relief *prospectively* for the upcoming school year.

The Supreme Court recently clarified in *Mahmoud v. Taylor* that the threat of exclusion from school constitutes per se irreparable harm when it burdens religious exercise. 606 U.S. ___ (2025). Importantly, the Court in Mahmoud found irreparable harm even though the parents had not immediately sought preliminary relief and the challenged policy had been in effect for years, demonstrating that delay does not diminish the constitutional injury when ongoing religious freedom violations are at stake. As the Court explained, "[i]n the absence of an injunction, the parents will continue to be put to a choice: either risk their child's exposure to [infringement of their religious practices and beliefs] or pay substantial sums for alternative educational services. As we have explained, that choice unconstitutionally burdens the parents' religious exercise, and '[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury.'" *Id.* (citing *Roman Catholic Diocese of Brooklyn v. Cuomo*, 592 U.S. 14, 19 (2020) (per curiam)).

The harm to Sarah is undeniable and multifaceted: the loss of her junior year of education (arguably the most important year for purposes of future college success), documented psychological trauma evidenced by a formal diagnosis of adjustment disorder with mixed anxiety and depressed mood, and an imminent risk of physical harm, as her desperation has led her to contemplate taking the vaccine against the unanimous advice of her doctors or even committing

self-harm. Each day of exclusion from school and the resulting burden on the family's religious practices constitutes fresh harm that cannot be remedied through monetary damages years later.

The balance of hardships tips decisively in Sarah's favor, as the District suffers no harm by admitting a student who, as the Second Circuit affirmed in *N.Y. State Ass'n for Ret. Children, Inc. v. Carey*, 612 F.2d 644, 650 (2d Cir. 1979), poses no risk of transmitting Hepatitis B in a school setting. The public interest is overwhelmingly served by enjoining the enforcement of a likely unconstitutional law and protecting a disabled child's right to an education.

The temporal urgency cannot be overstated. Even if Sarah ultimately prevails in this litigation, she will never recover the missed educational opportunities, athletic and scholarship prospects, and irreplaceable experiences of her final years of childhood. Alternatively, if Sarah were to get vaccinated against medical advice, she will likely suffer severe injury, according to multiple doctors who certify she cannot safely take the vaccine. Either way, the harms cannot be remedied through money judgments or other relief available years down the road.

For these reasons, we respectfully request a pre-motion conference to discuss the grounds for Plaintiffs' renewed motion for a preliminary injunction and respectfully ask that the Court pre-emptively consider setting an expedited briefing schedule that will provide the family with a decision at least two weeks prior to the start of School on September 2, 2025, so they can prepare. Defendant's counsel is aware we are filing this letter and stated they do not feel a meet and confer would be productive as their position against accommodation is fixed. We thank the Court for its time and consideration.

        Sincerely,
        */s/ Sujata Gibson*
        Sujata S. Gibson

CC: All Counsel