# GIBSON LAW FIRM, PLLC

SUJATA S. GIBSON, ESQ.
120 E Buffalo St., Suite 2
Ithaca, New York 14850

---

September 10, 2025

**VIA ECF**
The Honorable Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

    Re:    *Jane Doe, et al. v. Oceanside Union Free School District, et al.*, Case No. 2:25-cv-02304 (GRB)(ST) – Plaintiffs' Letter Motion for Extension of Time to Serve and for Leave for Alternative Service

Dear Magistrate Judge Tischione:

    We represent Plaintiff Jane Doe in the above-referenced action and write pursuant to Federal Rule of Civil Procedure 4(m) and Your Honor's Individual Rules of Practice I(D) and III(A) to respectfully request an extension of time to serve the First Amended Complaint on Defendant Antwan Haskoor, M.D., for leave to effectuate service by alternative means, for an Order compelling the represented Defendants to provide Dr. Haskoor's home and email addresses, or for whatever relief the Court deems just.

    In accordance with Your Honor's rules, we provide the following information:

1. **Factual Background**: Dr. Haskoor is an independent contractor for the school district defendant in this matter. He is named in his personal capacity and is the only personal capacity defendant not represented by the law firm of Sokoloff Stern, LLP.

2. **Original Deadline**: The current deadline to serve Dr. Haskoor is September 10, 2025, which is 90 days after the filing of the First Amended Complaint on June 12, 2025.

3. **Number of Previous Requests**: This is Plaintiffs' first request for an extension of time to serve Defendant Haskoor.

4. **Position of Opposing Counsel**: We conferred with counsel for the represented defendants, Chelsea Weisbord, Esq., shortly after filing the complaint, to ask whether she would accept service. She accepted service of the amended complaint for all Defendants other than Dr. Haskoor. Later, when communicating with the court regarding the summons, my paralegal was informed that Ms. Weisbord did represent all defendants, including Dr. Haskoor. However, after we followed up, Ms. Weisbord confirmed that she does not represent Dr. Haskoor and that any prior indication to the contrary on the docket was an error. As Dr.

Haskoor is unrepresented and we have been unable to locate him to serve him personally, we have been unable to obtain his consent for this motion.

5. **Reason for Request (Good Cause)**: Plaintiffs have exercised diligence and shown good cause for an extension. Our efforts to serve Dr. Haskoor have been unsuccessful for the following reasons:

    o   We attempted to serve Dr. Haskoor via his business address, but service was not accepted because it is a large hospital network and this is a personal capacity lawsuit.

    o   We retained a process server and an investigator to locate Dr. Haskoor's home address. The investigator identified an address at 58 Knollwood Rd., Roslyn, New York; however, while Dr Haskoor was the listed owner of the property, the investigator reported that a 99-year-old woman, J. Weinstein, currently resided at the address. The investigator also identified an address at 830 Shore Rd., Apt. 510, Long Beach, New York, and reported that Dr. Haskoor and his wife resided there. This address was ultimately used on the Summons issued by the Clerk on August 20, 2025.

    o   However, our process server reported that service at this address is not possible. The investigator noted the building has controlled entry, but more critically, the process server reported that the 95-unit building has no apartments numbered in the 500s, directly contradicting the investigator's report that Dr. Haskoor resides in unit 510. This discrepancy has made personal service impracticable.

    o   We have requested that opposing counsel provide us with Dr. Haskoor's address and contact information, since he is a contractor and would need to be disclosed as a witness on a Rule 26 disclosure in any event, but have not received an answer yet.

6. **Proposed Extension**: Plaintiffs respectfully request a 60-day extension of time to serve Dr. Haskoor, making the new deadline November 10, 2025.

Given the impracticability of personal service, we also request leave to serve Dr. Haskoor by alternative means pursuant to Federal Rule of Civil Procedure 4(e)(1) and New York C.P.L.R. § 308(5). Rule 4(e)(1) permits service by following the law of the state in which the district court is located. New York's C.P.L.R. § 308(5) grants courts discretion to order alternative service where traditional methods are "impracticable."

Courts in this Circuit routinely grant motions for alternative service by email where the plaintiff demonstrates that the proposed method is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *See Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).

Here, service by email is particularly appropriate because Dr. Haskoor has used email to communicate with other defendants regarding the very subject matter of this litigation, namely, the denial of Sarah Doe's medical exemptions. Therefore, service to this known email address is highly likely to provide actual notice and comports with due process. *See Philip Morris USA Inc. v. Veles Ltd.*, No. 06 Civ. 2988 (GBD), 2007 WL 725412, at *2 (S.D.N.Y. Mar. 12, 2007) (authorizing email service where the defendants conducted business through email, making it a reliable method of providing notice).

To ensure service is effectuated, we request that the Court both compel the represented Defendants to provide the contact information they possess for their consultant and authorize a multi-pronged service approach.

Accordingly, Plaintiffs respectfully request an Order:

1. **Compelling** the represented Defendants to provide Plaintiffs with the last known home and email addresses they have on file for Dr. Antwan Haskoor; and
2. **Permitting service** by the following combined means:

    - Certified mail, return receipt requested, to Dr. Haskoor at 830 Shore Rd., Long Beach, New York 11561;

    - Email to Dr. Haskoor's professional email address used in communications concerning this matter; and

    - Email to counsel for the Oceanside Union Free School District, Sokoloff Stern, LLP.

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this motion in its entirety.

Respectfully submitted,

*/s/ Sujata Gibson*

Sujata S. Gibson

CC:     All Counsel