

179 WESTBURY AVENUE, CARLE PLACE, NEW YORK 11514 • PHONE (516) 334-4500 • FAX (516) 334-4501 • WWW.SOKOLOFFSTERN.COM

BRIAN S. SOKOLOFF
SSOKOLOFF@SOKOLOFFSTERN.COM

CHELSEA WEISBORD
CWEISBORD@SOKOLOFFSTERN.COM

September 16, 2025

*BY ECF*
Honorable Judge Gary R. Brown
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re: *Doe v. Oceanside Union Free School District, et al.*
        Docket No. 2:25-cv-02304 (GRB) (ST)
        Our File No. 250122LI

Your Honor:

  We represent Defendants Oceanside Union Free School District ("the District"), Jill DeRosa, Brendon Mitchell, and Mary Conlon (s/h/a Mary Conlan). We write to advise the Court of blatant and deliberate violations of New York State's Rules of Professional Conduct by Plaintiffs' attorneys Chad Davenport and Sujata Gibson, and we seek appropriate sanctions for their unethical conduct, including attorney's fees and costs associated with this request and any other sanctions this Court deems appropriate. In the alternative, we ask the Court to refer the matter to the Committee on Grievances under Local Civil Rule 1.5. *See Shuler v. Liberty Consulting Servs., Ltd.,* No. 20CV5779KAMCLP, 2022 WL 1552039, at *9 (E.D.N.Y. Apr. 4, 2022), *report and recommendation adopted*, No. 20CV5779KAMCLP, 2022 WL 1564109 (E.D.N.Y. May 2, 2022) ("[C]ourts have an obligation, if they become aware of an ethical breach, to report the attorney who committed the ethical breach or fashion an alternative sanction.") (collecting cases). Regardless of whether the Court refers the matter, we ask the Court to issue an Order prohibiting Plaintiffs' attorneys from engaging in future ethical violations of this type.

**PLAINTIFFS' ATTORNEYS VIOLATED RULES 4.2 AND 8.4 OF NEW YORK'S RULES BY CONTACTING THE OCEANSIDE UNION FREE SCHOOL DISTRICT DIRECTLY ABOUT THIS CASE.**

  Attorneys appearing in the courts in this district *must* abide by the New York State Rules of Professional Conduct pursuant to the Joint Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York. *See* Local Civil Rule 1.5(b)(5); *see also United States v. Hernandez,* No. S7 15 CR. 379 (PKC), 2023 WL 1879520, at *3 (S.D.N.Y. Feb. 10, 2023); *In re Brizinova,* 565 B.R. 488, 499 (Bankr. E.D.N.Y. 2017) (citation omitted).

SOKOLOFF STERN LLP

Honorable Gary R. Brown
September 16, 2025
Page 2 of 5

In New York, federal district courts are guided by the ABA Model Rules of Professional Conduct, the ABA Model Code of Professional Responsibility, and the New York Rules of Professional Conduct. *See Shuler v. Liberty Consulting Servs., Ltd.*, No. 20CV5779KAMCLP, 2022 WL 1552039, at *9 (E.D.N.Y. Apr. 4, 2022), *report and recommendation adopted*, No. 20CV5779KAMCLP, 2022 WL 1564109 (E.D.N.Y. May 2, 2022) (citations omitted); *see also Berkson v. Gogo LLC*, 97 F. Supp. 3d 359, 410 (E.D.N.Y. 2015) ("New York State Rules of Professional Conduct apply" in the Eastern District of New York).

Rule 4.2(a) provides:

> In representing a client, a lawyer shall not communicate or cause another to communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the prior consent of the other lawyer or is authorized to do so by law.

N.Y. Comp. Codes R. & Regs. tit. 22, § 1200.0; N.Y. Rules of Pro. Conduct r. 4.2(a). As the court held in *Shuler*, "a lawyer is not permitted to ignore the plain words of the rule and then escape responsibility for violating it because no harm was caused, or because counsel for the party receiving the communication was [later] alerted that it had been made." *Shuler*, 2022 WL 1552039, at *10.

A violation of Rule 4.2 is "misconduct" under Rule 8.4, which directs a lawyer or law firm not to "violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another." *See* N.Y. Comp. Codes R. & Regs. tit. 22, § 1200.0; N.Y. Rules of Pro. Conduct r. 8.4(a).

On the evening of September 1, 2025 (a federal holiday), an organization called the Children's Health Defense ("CHD"), along with Chad Davenport and Sujata Gibson, disseminated a letter to **all** New York State Boards of Education and Superintendents of Schools entitled "URGENT: Misleading vaccine Exemption Guidance Puts Districts at Legal Risk" ("September 1 letter"), a copy of which we attached as Exhibit A). Although the letter uses the organization's letterhead, Plaintiffs' attorneys Davenport and Gibson signed it.

Besides criticizing the advice of a law firm to its own school district clients in a memorandum, dated August 20, 2025, entitled "Immunization Requirements for Enrollment in Schools" ("August 20 memorandum"),[1] the September 1 letter also discusses this case and this Court's August 12, 2025 decision granting a preliminary injunction. Plaintiffs' lawyers include in their September 1 letter to every board of education and school superintendent in New York State a threat of "immediate action, including a potential class action lawsuit." (*Id.*)

---

[1] It is unclear how Mr. Davenport and Ms. Gibson obtained that ostensibly privileged communication from a law firm to its clients.

SOKOLOFF STERN LLP

Honorable Gary R. Brown
September 16, 2025
Page 3 of 5

Counsel's September 1 letter reports its distribution (by email, U.S. mail, and "public release") to every board of education and school superintendent in the state.

At 8:41 p.m. on September 1, 2025, Mr. Davenport, from his email address,[2] emailed Phyllis Harrington, our client,[3] directly. Attaching the September 1 letter and the August 20 memorandum it criticizes, Mr. Davenport wrote this to Superintendent Harrington:

> We are writing to you today as counsel for the family in the recent federal case Doe v. Oceanside and on behalf of Children's Health Defense to provide an urgent update regarding a school district's legal obligations for medical exemptions.
>
> Legal guidance currently being circulated to school districts, including a recent memorandum from Ingerman Smith, LLP, misrepresents recent binding federal court decisions. Acting on this flawed advice exposes districts to significant and avoidable legal and financial risk.
>
> To correct the record, please find the attached letter which clarified the current legal standard and a district's limited, administrative role in the exemption process.
>
> We urge you to review this information immediately with your legal counsel to ensure your district's policies are in compliance with the law.

(The September 1, 2025 email Mr. Davenport to Superintendent Harrington is Exhibit B.) Mr. Davenport's email shows a copy to sujata@gibsonfirm.law, Plaintiff's other attorney in this case, thereby putting her on notice of this ethical breach if she did not know it would happen beforehand.

The Davenport email flagrantly violated Rule 4.2. Not only did counsel communicate directly with a represented party, but he also discussed the very subject of the representation, this lawsuit. We learned of this ethical violation when Dr. Harrington forwarded Davenport's email to us. (Ex. B.) This intentional violation of Rule 4.2 also constitutes misconduct in violation of Rule 8.4.[4]

---

[2] The Court's ECF docket sheet confirms that the source of the email to Dr. Harrington -- cdavenport@davenport.law – is the email address for Plaintiff's counsel.

[3] Docket Entry No. 1 on this case is our firm's notice of removal on behalf of Phyllis Harrington and the Oceanside Union Free School District. Since April 25, 2025, Plaintiff's counsel has known of our representation of the parties here.

[4] Assuming Davenport also sent the September 1 letter to the Board of Education and Superintendent for the Starpoint Central School District, that too would constitute a similarly egregious ethical violation. He is the attorney of record in the *A.A.C. v. Starpoint Cent. Sch. Dist.* Case, which is still in litigation. That case is also referenced specifically in the September 1 letter.

SOKOLOFF STERN LLP

Honorable Gary R. Brown
September 16, 2025
Page 4 of 5

The unethical September 1 email puts before the Court another concerning problem: counsel's public dissemination of a reading of the Court's preliminary injunction decision that this Court did not intend, sowing confusion all over New York State.

In its decision granting a preliminary injunction on the narrow facts of this case, this Court warned against seeing in it a change in law:

> Before this Court is the plaintiff's motion for a preliminary injunction. I want to be very clear on the scope of the decision I'm about to render….I have a very narrow question: Is Sarah going back to school in September?
>
> That is the focus today. It's based on a very limited set of facts, and it's very specific to this case. This is not going to change the world in any way, but it will have an effect on the parties here, so I want to be very clear on the scope of what I'm about to say.

(August 12, 2025 Tr., p. 53.) Despite the Court's warning that it did not intend to "change the world," Plaintiffs' attorneys (and CHD) are using the Court's preliminary ruling to warn every school district in the State that this Court has in fact changed the law. Citing this Court's decision on a preliminary injunction application, Plaintiff's counsel warns all school districts that they must accept at face value any note by any kind of medical doctor that a vaccine *may* be detrimental to a child's health, omitting the rest of the statutory and regulatory framework.

While not required by this request for sanctions or an ethical referral, a reminder from the Court about the narrowness of the ruling could ease the widespread confusion counsel has sowed by misusing this Court's limited ruling.

### A Second Ethics Breach

As if one blatant breach of the rules of ethics is not enough, counsel followed with a second blatant instance. Yesterday morning (September 15). Ms. Gibson and Mr. Davenport again violated Rules 4.2 and 8.4 when they emailed Dr. Harrington and Principal Brandon Mitchell. (A copy of this September 15, 2025 email is attached as Exhibit C.) Although they copied us on this email, their direct communication with Dr. Harrington and Principal Mitchell constitutes a clear-cut violation of the Rules of Professional Conduct. Moreover, the discussion of the facts of the case and what the District must do with respect to the minor plaintiff going forward is exactly what the Professional Rules of Conduct are designed to preclude.

Attorneys cannot communicate directly with represented parties, certainly not about the litigation in which the parties are represented.

**DAVENPORT AND GIBSON'S CONDUCT IS SANCTIONABLE.**

"The Supreme Court has stated that courts have inherent power to discipline those who appear before it including by imposing monetary sanctions against a litigant (or its counsel) for

SOKOLOFF STERN LLP

Honorable Gary R. Brown
September 16, 2025
Page 5 of 5

misconduct." *Shuler v. Liberty Consulting Servs., Ltd.*, No. 20CV5779KAMCLP, 2022 WL 1552039, at *9 (E.D.N.Y. Apr. 4, 2022), *report and recommendation adopted*, No. 20CV5779KAMCLP, 2022 WL 1564109 (E.D.N.Y. May 2, 2022) (internal quotations omitted) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-46 (1991)). Once courts become aware of an ethical breach, they must report the attorney who committed the ethical breach or fashion an alternative remedy. *See Shuler* P, 2022 WL 1552039, at *9 (E.D.N.Y. Apr. 4, 2022). Here, where the misconduct of Davenport and Gibson was an undeniable ethical breach, sanctions and/or referral to Committee on Grievances is not only appropriate but required. *Id.*

        Respectfully submitted,

        SOKOLOFF STERN LLP

        BRIAN S. SOKOLOFF
        CHELSEA WEISBORD

cc:    All counsel of record (via ECF)d