# EXHIBIT A



852 Franklin Ave., Suite 511
Franklin Lakes, NJ 07417

**VIA EMAIL, U.S. MAIL & PUBLIC RELEASE**

September 1, 2025

New York State School Boards of Education
New York State Superintendents of Schools
(Via Email and U.S. Mail to District Clerks for distribution)

**Re:   URGENT: Misleading Vaccine Exemption Guidance Puts Districts at Legal Risk**

Dear Members of the Board and Superintendent,

On behalf of Children's Health Defense and the New York families we serve, we write to notify you of recent legal precedent clarifying that school districts lack authority to override determinations made by a New York State licensed physician regarding a child's need for a medical exemption from one or more vaccines under the New York State Public Health Law ("PHL").

This memorandum is necessary because the recent decision in *Doe v. Oceanside Union Free School District* is being misrepresented in legal guidance circulated statewide. A memorandum issued by Ingerman Smith, LLP on August 20, 2025, inaccurately describes the case as "unique" and claims it does not alter districts' immunization obligations. This advice is false and dangerously misleading, and any district relying on it risks serious legal and financial exposure.

The *Oceanside* decision is not based on unusual facts but on the plain language of New York's Public Health Law and the Americans with Disabilities Act (ADA)—statutes that apply to every school district in the state. Any district that denies a valid medical exemption in reliance on flawed legal advice will be acting unlawfully and should expect to face litigation, with substantial legal and financial consequences. For your reference, we have enclosed a copy of the misleading Ingerman Smith memorandum along with this clarification.

**This memorandum also serves as formal notice of claim** under the New York State Human Rights Law. Any continued practice of substantively overriding or second-guessing determinations made by a child's treating physician regarding medical exemptions will be treated as unlawful discrimination and may result in immediate legal action, including a potential class action lawsuit.

## I. The Actual Holding in *Doe v. Oceanside*

On August 12, 2025, a U.S. District Court ordered the Oceanside School District to immediately enroll Sarah Doe after finding she has a clear likelihood of success on her ADA claim. The court concluded the district unlawfully denied a "facially valid" medical exemption, which satisfied all three statutory requirements:

1. It was certified by a licensed New York physician;

2. The physician set forth the medical reason for his conclusion that the immunization may be detrimental to the child's health; and

3. It specified the length of time the exemption was required.

(Tr. 57:22-58:4; *see also* 10 NYCRR § 66-1.3(c)).

The court rejected the district's attempt to impose extra conditions—such as requiring the certification come from a specific type of specialist, additional documentation, or agreement from district or state physicians—finding these practices inconsistent with the statute's clear language. (Tr. 25:5-26:5, 55:4-23, 57:5-21).

## II. The Ingerman Smith Memo's Core Advice is Legally Indefensible

The Ingerman Smith memo creates an unlawful pretext for districts to deny valid exemptions by providing legally erroneous advice. For example, the memo explicitly directs districts to deny exemptions for improper reasons, stating:

> [S]hould a school district receive a medical exemption request that is . . . not certifying that there is a contraindication or precaution as listed on the ACIP guidelines . . . said request should be denied.

**This advice is a direct misstatement of the law.** The controlling state regulation, **10 NYCRR § 66-1.1(l),** defines the standard more broadly, advising certifying physicians to make determinations consistent with "ACIP guidance **or other nationally recognized evidence-based standard of care**." The Second Circuit, in *Goe v. Zucker*, held that the regulatory guidance was not unconstitutionally narrow because it would allow a physician to make the determination based on other guidance than just the ACIP criteria, including but not limited to sources like "the vaccine manufacturers' package inserts." 43 F.4th 19, 33 n.15 (2d Cir. 2022). In *Oceanside*, though it was not necessary to make the determination, the Court affirmed this broader definition, noting that the physician's certification cited reasons found directly in the vaccine manufacturer's package insert. (Tr. 46:7-23, 51:17-52:6). Advising a district to deny an exemption because the physician's reason is not on an incomplete list of ACIP examples of a contraindication or precaution is contrary to the plain text of the regulation and binding federal court precedent.

## III. Binding Law: A District's Role is Administrative

The Ingerman Smith memo ignores the clear, controlling precedent from the Second Circuit that the Public Health Law does not permit a school district to conduct a substantive medical review or to disagree with a physician's certification.

2

- NYS Public Health Law § 2164(8) states that if "**any** physician . . . certifies that such immunization **may** be detrimental to a child's health, the requirements of this section **shall be inapplicable**."
- The Second Circuit in *Miller v. McDonald* held the law "**does not create a system in which school officials are given improper discretion to evaluate the reasons given for a requested medical exemption**." School officials do not have "discretion to approve or deny exemptions on a case-by-case basis for *any reason*." *See* 130 F.4th 258, 269 (2d Cir. 2025) (internal quotations and citations omitted) (emphasis in original).
- In *A.A.C. v. Starpoint Cent. Sch. Dist.*, a federal court enjoined a school district whose medical director "**improperly second-guessed the treating physician's conclusion**," ruling this "**exceeds the bounds of his statutory authority**." (No. 1:24-cv-1047-JLS-LGF, Dkt. No. 90, at 2, 22 (W.D.N.Y. Apr. 25, 2025)).

*Oceanside* is the third recent federal case affirming that school districts cannot second-guess a child's certifying physician under Public Health Law. As all three decisions clarify that under the plain language of the PHL, a school's role is to ensure that the exemption request is on the correct form, signed by a New York State licensed doctor, and specifies which vaccines are contraindicated and for how long.

**IV.    The Real Risk to Districts: Immediate Federal ADA Liability**

The *Oceanside* court found the denial of Sarah Doe's exemption was likely a violation of both the ADA and state law. (Tr. 54:9–11, 57:22–58:6). This dramatically raises your district's exposure: parents and advocates can and will seek immediate relief in federal court, recover attorneys' fees, and pursue compensatory damages under federal and state disability laws.

Pursuant to these statutes, schools must accommodate students with disabilities, including those at risk of harm from certain immunizations. Districts bear the burden of proving an accommodation is an undue hardship or expense—a burden *Oceanside* makes virtually impossible to meet because Public Health Law § 2164(8) explicitly mandates exemption when a licensed physician certifies risk.

Continuing to deny valid exemptions wastes taxpayer funds defending a position federal courts and the Second Circuit have now squarely rejected. We strongly urge immediate review and revision of your district's policies to comply with binding precedent.

Sincerely,

**Children's Health Defense**

**Supported by:**

Sujata S. Gibson, Esq.
Gibson Law Firm, PLLC
*Counsel for Plaintiff in Doe v. Oceanside UFSD*

Chad A. Davenport, Esq.
Davenport Law PLLC
*Counsel for Plaintiff in Doe v. Oceanside UFSD*

3