# GIBSON LAW FIRM, PLLC

SUJATA S. GIBSON, ESQ.
120 E Buffalo St., Suite 2
Ithaca, New York 14850

November 28, 2025

**VIA ECF**
Honorable Gary R. Brown
United States District Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

> Re:    *Doe v. Oceanside Union Free School District, et al.*, Docket No. 2:25-CV-02304 (GRB)(ST) – Plaintiffs' Opposition to Defendants' Pre-Motion Letter

Dear Judge Brown:

We write on behalf of Plaintiff Jane Doe to respectfully oppose Defendant Dr. Antwan Haskoor's anticipated motion to dismiss [ECF 60]. Contrary to Defendant's arguments, the First Amended Complaint ("FAC") states plausible claims for relief against him.

### A. Exhaustion is Not Required

As a threshold matter, Dr. Haskoor's argument that Plaintiff cannot bring these claims in federal court, but rather must file an Article 78 or Commissioner's appeal, is unavailing. See *Felton v. Monroe Cmty. Coll.*, 579 F. Supp. 3d 400 (W.D.N.Y. 2022) (no exhaustion requirement under NYSHRL); *Patsy v. Board of Regents*, 457 U.S. 496, 501-502 (1982) (no exhaustion requirement for federal civil rights claims).

Defendant cites *Caviezel v. Great Neck Pub. Schs.*, 701 F. Supp. 2d 414 (E.D.N.Y. 2010), but fails to address the subsequent decision in that same case holding that there is no exhaustion requirement for challenges to vaccine accommodation denials. *Caviezel v. Great Neck Public Schools*, 739 F. Supp. 2d 273, 281 (E.D.N.Y. 2010). Specifically, this Court recognized that a Commissioner's appeal "is not mandatory and is not the exclusive means of review" (citing *Bowden v. Iona Grammar School*, 284 A.D.2d 357 (2d Dep't 2001)), and further held that "exhaustion of administrative remedies is not necessary" because waiting for a Commissioner's appeal would cause irreparable injury while the child remained excluded. Id.

### B. Dr. Haskoor Directly Participated in the Harm and is Liable

Dr. Haskoor's pre-motion letter attempts to recast his role as that of a passive "advisor" with no decision-making authority. This characterization is flatly contradicted by the detailed factual allegations in the FAC. We allege Dr. Haskoor was not merely a consultant, but the

architect of the District's discriminatory "anaphylaxis-only" policy and an active participant who intimidated Plaintiff's treating physicians. Under well-settled law, Dr. Haskoor is a state actor subject to liability.

### 1. Liability Under § 1983 (State Action)

Dr. Haskoor argues that as a "private consultant," he cannot be sued under § 1983. This fails as a matter of law. Under *West v. Atkins*, 487 U.S. 42 (1988), a private physician under contract with the state to provide medical determinations for a population forced to rely on them acts "under color of state law."

The FAC alleges the District delegated final authority to Dr. Haskoor to act as the gatekeeper for medical exemptions. When Plaintiff inquired why her daughter was denied, the District stated she "could not receive any exemption unless... Dr. Haskoor, spoke to the provider". FAC ¶ 108. Furthermore, Dr. Haskoor actively interfered with Sarah's care by contacting her private physicians and "intimidating" them to withdraw recommendations. ¶¶120-125. By exercising delegated state authority to override licensed physicians and utilizing the District's power to pressure third parties, Dr. Haskoor was a willful participant in joint activity with the State.

### 2. Liability Under NYSHRL (Aiding and Abetting)

Dr. Haskoor argues NYSHRL § 296(4) applies only to "educational institutions." This ignores the plain text of the FAC, which explicitly sues him for "disability discrimination, including aiding and abetting". Individual liability attaches under NYSHRL § 296(6) where a defendant "actually participates" in the conduct. *Novio v. N.Y. Academy of Art*, 286 F. Supp. 3d 566, 582 (S.D.N.Y. 2017). The FAC is replete with allegations of Dr. Haskoor's actual participation:

- He established an extra-statutory "anaphylaxis-only" rule that categorically denied accommodation to students with other disabilities.
- He personally contacted Dr. Field to intimidate him into recanting a valid exemption.
- He pressured Dr. Richheimer to "officially" deny exemptions while allowing unofficial accommodations.
- He directed the school to exclude Sarah Doe.

### C. The FAC Plausibly Alleges Statutory and Constitutional Claims

### 1. NYSHRL Failure to Accommodate (Aiding and Abetting)

The District's own pre-motion letter [ECF 48] explicitly states an intent to dismiss all claims except for the federal failure to accommodate claims under the ADA and Section 504. This effectively concedes the legal sufficiency of the core failure to accommodate claim against the institutional defendant. Because the NYSHRL is co-extensive with its federal counterparts, and because Dr. Haskoor actively participated in the conceded failure to accommodate by creating and

enforcing the "anaphylaxis-only" rule, he is liable for aiding and abetting that primary violation under NYSHRL § 296(6).

### 2. NYSHRL Discrimination (Categorical Policy)

Dr. Haskoor's "anaphylaxis-only" policy is, in itself, discriminatory and thus constitutes disability discrimination independent of a failure to accommodate claim. It subjects students to categorical exclusion rather than the individualized assessment required by the NYSHRL, treating all disabilities other than "anaphylaxis" less well. The New York Court of Appeals has repeatedly clarified that it is disability discrimination to categorically presume what a disabled individual needs simply on the basis of their named disability. *Jacobson v. New York City Health & Hosps. Corp*, 988 N.Y.S.2d 86, 94–96 (2014). Dr. Haskoor's internal policy, which disregarded the opinions of seven licensed physicians to enforce a policy not required by law, falls squarely under this forbidden categorical denial.

### 3. Constitutional Claims (As-Applied Challenge)

Dr. Haskoor's reliance on *Miller v. McDonald* is misplaced because *Miller* assumed no discretion was being exercised over medical exemptions. Here, the FAC alleges Dr. Haskoor did exercise discretion—accepting one note for a condition but rejecting an identical note from a different doctor. Under *Fulton v. City of Philadelphia*, 593 U.S. 522 (2021), a law is not generally applicable if it provides a mechanism for individualized exemptions granted or denied at the government's discretion. This triggers strict scrutiny. Furthermore, the intervening Supreme Court decision in *Mahmoud v. Taylor*, 145 S. Ct. 2332 (2025), provides an individual path to constitutional strict scrutiny on the basis of the parental rights infringed.

### 4. Separation of Powers

Dr. Haskoor argues he cannot violate the Separation of Powers as an individual. This misunderstands the claim. As the delegated agent of the District, he implemented a policy that usurped Legislative authority. The Legislature decreed that "any" physician's certification is sufficient. Dr. Haskoor unilaterally rewrote this to require "anaphylaxis only" and his personal concurrence. An executive agent rewriting legislative mandates violates the Separation of Powers.

### Conclusion

Dr. Haskoor was not a mere bystander. The FAC alleges he was the driving force behind the District's discriminatory policy and subsequent refusal to accommodate a disabled child. These factual allegations must be accepted as true at this stage. Accordingly, we respectfully submit that the Court should find that the claims against Dr. Haskoor are colorable and viable, and set a briefing schedule for the anticipated Motion to Dismiss.

Respectfully submitted,

*/s/ Sujata Gibson*

Sujata S. Gibson, Esq.