UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
Jane Doe, et al.,
Plaintiffs,

v.

Oceanside Union Free School District, et al.,
Defendants.
                                                                              No. 25-cv-02304-GRB-ST
---------------------------------------------------------------x

Children's Health Defense, et al.,
Plaintiffs,

v.

Dr. James V. McDonald, in his official capacity as
Commissioner of Health of the State of New York,
Defendant.
                                                                                No. 25-cv-06877-JMA-AYS
---------------------------------------------------------------x

**LETTER MOTION**
**RE: Related-Case Designation Under Local Civil Rule 50.3.1**

Dear Judge Brown:

      Plaintiffs respectfully submit this letter pursuant to Local Civil Rule 50.3.1 requesting that *Children's Health Defense v. McDonald*, No. 25-cv-6877, be treated as related to *Jane Doe v. Oceanside Union Free School District*, No. 25-cv-2304, and assigned to this Court.

      **I.**      **The Actions Are Related Under Rule 50.3.1**

      Civil actions are related where their factual and legal overlap makes joint assignment likely to conserve judicial resources. That standard is satisfied here.

      Both cases arise from the same constitutional controversy concerning New York's medical-exemption framework as applied to the same minor child and overlapping plaintiffs. *Oceanside* challenges the school district's denial of the child's physician-supported medical exemption and resulting exclusion from school, while *McDonald* challenges the State's administration and enforcement of the same statutory regime. Liability and relief in each action therefore turn on a common dispositive question: whether New York's medical-exemption process operates with discretionary authority sufficient to defeat general applicability and trigger

1

strict scrutiny, or instead functions ministerially such that physician certifications must be honored.

The State's own litigation positions underscore this interdependence. In prior litigation, the State represented that the exemption process affords no discretion to school officials—an argument relied upon in *Oceanside*. Following this Court's *Oceanside* ruling, however, the State issued statewide guidance advising districts that *Oceanside* was not controlling and that districts should continue independently substantively reviewing and rejecting medical exemptions on a case-by-case basis unless and until the State itself is enjoined. These conflicting positions crystallize a single constitutional question common to both cases.

The overlap is further confirmed by the parties' jurisdictional and remedial positions. District defendants contend that only the State can grant the relief Plaintiffs seek, while the State maintains that local districts exercise final authority over exemption determinations. Litigating those mutually exclusive positions in separate courts risks circular or ineffective equitable relief—precisely the circumstance Rule 50.3.1 is intended to prevent.

Recent appellate developments reinforce the unity of the constitutional question and the importance of having all the facts to this as applied question in one forum. Last summer, the United States Supreme Court held that schools cannot condition access upon waiver of parental free exercise rights. In December 2025, the Supreme Court then granted certiorari in *Miller v. McDonald,* the only case in this Circuit to address religious rights to a vaccine exemption from New York's mandate and then vacated the dismissal and remanded with an instruction to apply *Mahmoud*. Coordinated adjudication is therefore especially important to avoid inconsistent constitutional rulings arising from the same underlying events as applied to the same family.

Separate proceedings would create a substantial risk of:

1. inconsistent rulings on whether discretionary authority exists in the exemption process;
2. conflicting determinations regarding the applicability of strict scrutiny under *Mahmoud* or other constitutional precedent; and
3. fragmented or ineffective injunctive relief as between state and local defendants.

Assignment to a single judge—particularly one already familiar with the governing facts and legal framework—will ensure coherent adjudication and conserve judicial resources.

## II. Timing and Good Cause

Plaintiffs identified the cases as related when *McDonald* was filed, including on the Civil Cover Sheet and in the Complaint. A Clerk's related case notice later generated on the *Oceanside* docket mistakenly referenced an unrelated case number, preventing administrative processing of the designation. Plaintiffs discovered that clerical error only while preparing this submission.

Following filing, Plaintiffs were engaged in expedited emergency proceedings in *McDonald* seeking to prevent the imminent exclusion of a minor child from school. On February 1, 2026, the Court declined to issue a temporary restraining order but established an expedited preliminary-injunction schedule, with the state's response due February 19 and the reply due on March 1. Plaintiffs awaited resolution of the emergency TRO request before further asking about related-case relief so as not to risk delay affecting the child's school access. The temporary-restraining-order ruling did not address the merits of the underlying constitutional claims, which remain pending.

Any technical delay in filing a follow up Rule 50.3.1 letter after seeking related case designation from the inception of the case reflects clerical error and emergency litigation exigencies—not lack of diligence—and constitutes good cause.

The need for formal Rule 50.3.1 relief also became especially clear after State Defendants advised on February 13, 2026 of their intent to seek leave to participate as amicus curiae in *Oceanside* while simultaneously opposing related-case designation. By seeking amicus participation on the same constitutional question arising from the same plaintiff and statutory framework, the State effectively acknowledges the overlap that Rule 50.3.1 is designed to address. Proceeding in separate forums despite that acknowledged overlap would risk fragmented adjudication.

### III. Conclusion

Because the two actions arise from the same events, involve overlapping parties, and present a single dispositive constitutional question whose resolution will govern liability and relief in both matters, related-case designation is necessary to avoid inconsistent rulings, conserve judicial resources, and ensure effective equitable relief.

Plaintiffs respectfully request that the Court deem *McDonald* related to *Oceanside* and retain both matters before a single judge pursuant to Local Civil Rule 50.3.1.

Dated: February 16, 2026
      Ithaca, New York

                                      Respectfully submitted,

                                      */s/ Sujata S. Gibson*
                                      120 E Buffalo Street, Suite 2
                                      Ithaca, NY 14850
                                      (607) 327-4125
                                      sujata@gibsonfirm.law

CC: all counsel of record