FILED
CLERK
10/6/2026 1:42 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X

JANE DOE, individually and on behalf of her minor child, SARAH DOE,

Plaintiffs,

- against -

OCEANSIDE UNION FREE SCHOOL DISTRICT, JILL DE ROSA, in her individual capacity, BRENDON MITCHELL, in his individual capacity, ANTWAN HASKOOR, M.D., in his individual capacity, and MARY CONLAN, in her individual capacity,

Defendants.

---------------------------------------------------------------X

**MEMORANDUM AND ORDER**

Civil Action
No. 25-2304 (GRB)(ST)

**GARY R. BROWN, United States District Judge**:

## Background

In September 2025, this Court issued a preliminary injunction directing that plaintiff Sarah Doe, a young woman facing health challenges, be permitted to attend 11th grade despite not having received the last vaccine in a series designed to prevent Hepatitis B. Docket Entry ("DE") 41. Sarah and her mother, Jane Doe, renewed that request this year, as Sarah was now entering her senior year. DE 85. Yet in plaintiffs' latest request, Jane Doe explained that her daughter was not only missing the Hepatitis B vaccine but also the Meningitis vaccine. *Id.* On September 23, 2026, following extensive briefing and a preliminary injunction hearing, the Court denied the second request for preliminary relief, finding that (1) plaintiff's proffered exemption requests (issued by Drs. Rivera and Miller) failed to support the claimed exemptions with adequate specificity; (2) school officials were within their rights to request further supporting documentation; (3) one of the two issuing physicians is listed on the New York State Vaccine Fraud list and never examined the minor plaintiff nor obtained any relevant laboratory results;

(4) the implication of the Meningitis vaccine shifted the balance of hardships in favor of the defendants; and (5) the issuance of a preliminary injunction was not in the public interest under those circumstances. *Doe v. Oceanside*, No. CV 25-2304 (GRB)(ST), 2026 WL 2883406, at *4 (E.D.N.Y. Sept. 23, 2026). Additionally, counsel was afforded 14 days to brief the issue of whether this case should be dismissed in favor of an Article 78 proceeding in the state court. *Id*.

Counsel filed a Notice of Appeal that same day. DE 99. No motion has been made for a stay pending appeal.

On October 2, 2026, nine days after this Court's ruling, counsel for plaintiffs filed an "Emergency Motion for Temporary Restraining Order," once again requesting the Court to issue a preliminary order that Sarah be permitted to return to school without the subject vaccines. DE 100. Plaintiffs' counsel contends that this new application is predicated upon "events subsequent to the Court's September 23 Order." DE 101 at 1. She identifies two such events: (1) the District's denial of the prior exemption form signed by Dr. Miller, purportedly "without identifying any deficiency or providing Jane or counsel with any request for further information as repeatedly requested," and (2) plaintiff's filing (not defendants' denial) of an exemption form dated September 30, signed by Dr. Vincent Garbitelli, the same physician who signed the form underlying this Court's ruling in 2025.

The papers filed in support of this new application contain some truly remarkable assertions. In one instance, counsel argues that

> [a]s of Jane's October 1 declaration, the District has neither issued a decision on Dr. Garbitelli's certification nor identified any substantive question or requested further supporting information.

DE 100-2 at 10. Given that Garbitelli's certification was dated on September 30 —exactly *one day* before the declaration was signed—the District's failure to review the complicated

certification prior to plaintiff filing the instant motion is unsurprising. Elsewhere, counsel argues that:

> [n]either the District nor Dr. Haskoor identified any deficiency in Dr. Miller's certification other than that Miller allegedly failed to return Haskoor's three cold calls.

DE 100-2 at 1. This fatuous assertion would suggest to the uninformed reader that Dr. Miller's certification was not examined at the September 22 hearing. To the contrary, the internal defects in the—nearly identical—exemption requests supplied by Drs. Miller and Rivera, and the concomitant lack of supporting documentation to support those requests were the subject of extensive testimony and argument at that proceeding, and subsequent findings by the Court. *See Doe*, 2026 WL 2883406, at *3 (Miller's request "does not provide a reason that [Sarah Doe] cannot receive the Meningitis vaccine [and the] lab results [ ] upon which Dr. Miller principally relied do not appear to support his exemption request.").

Finally, counsel falsely and baselessly alleges that, in its September 2025 ruling (a decision counsel once hailed as a groundbreaking victory), "the Court rejected constitutional claims on an argument recently called 'insulting and legally unsound' by the Supreme Court's decision in *Mahmoud*." *Id.* at 18; *cf. Doe*, 2026 WL 2883406, at n. 1. This assertion is flatly untrue—the Court *granted* plaintiff's requested relief on statutory grounds, rendering the constitutional arguments moot.

**Discussion**

The renewed application for preliminary relief must be denied for at least four reasons.

First, generally, the filing of a notice of appeal divests the district court of jurisdiction. As the Second Circuit has held:

> Because it is a waste of judicial resources for two courts to be considering the same issues in the same case at the same time, the filing of a notice of appeal is jurisdictionally significant; it terminates the district court's consideration and control over those aspects of the case that are on appeal.

*New York State Nat. Org. for Women v. Terry*, 886 F.2d 1339, 1349 (2d Cir. 1989). There is an exception that applies to a grant or denial of preliminary relief:

> Congress permits, as an exception to the general rule, an immediate appeal from an interlocutory order that either grants or denies a preliminary injunction. In such case the matter does not leave the district court, but proceeds there on the merits, unless otherwise ordered. Further, we have held that the filing of a notice of appeal only divests the district court of jurisdiction respecting the questions raised and decided in the order that is on appeal.

*Id.* at 1350 (cleaned up). Here, however, where the application is virtually identical to the order being appealed, the Court may well be divested of jurisdiction over this application.

Second, counsel's seeming effort to end-run the Court's consideration of the pending motion to dismiss and additional jurisdictional concerns further counsels against resolution of the instant "emergency" motion. *Doe*, 2026 WL 2883406, at *4.

Third, it seems that the application—to the extent premised upon Dr. Garbitelli's newly-filed exemption request—is decidedly premature. Less than 48 hours elapsed between his execution of that request and service of the instant motion, which consists of hundreds of pages of filings. A reasonable period to allow the defendants to review and consider the exemption request is a logical prerequisite before the parties wade into further litigation. This rushed motion serves no purpose other than to increase the costs and delays of reasoned consideration of these matters.

Fourth, the application depends in part on a declaration submitted by Jane Doe, which purports to correct both her previous declaration and testimony she rendered at the September hearing. The corrections concern an email Jane Doe testified she sent to school officials

attaching Sarah's medical test results, though no such email was ever transmitted. The later declaration concedes that the prior declaration "was false" because "I did not send that first email with the language quoted in the declaration I signed." DE 100-5 ¶ 5. However, Jane claims that she did send the lab results and merely mistyped the District's email address. *Id*. ¶ 6. Because it is undisputed that plaintiff sent a subsequent email later that same night stating that she "could send Sarah's recent lab work if it was needed," *id*. at 11, and because that second email would make no sense if Doe believed the first email had actually been delivered to the District, Doe's reasoning in the second declaration is puzzling. Accordingly, were there not independent bases to decide this motion, the Court would not be able to justify granting relief based on facts supported only by Doe's affidavit.

Based on the foregoing, the successive emergency motion for preliminary relief is DENIED.

**SO ORDERED.**

Dated: October 6, 2026
Central Islip, New York

*/s/ Gary R. Brown*
GARY R. BROWN
United States District Judge